IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| JOEL STEINMETZ,<br><br>             Plaintiff,<br><br>vs.<br><br>UNITED STATES POSTAL<br>SERVICE, et al.,<br><br>             Defendants. | Cause No. CV 09-00072-BU-RFC-CSO<br><br><br>ORDER RE: PENDING MOTIONS |

Pending before the Court is Defendants U.S. Merit System Protection Board (MSPB) and the United States Court of Appeals for the Federal Circuit's Motion to Dismiss based upon judicial immunity (Court Doc. 23); Steinmetz's Notice of Constitutional Questions (Court Doc. 27); Steinmetz's Response to Defendants' Answer (Court Doc. 29); and Steinmetz's Motion for Entry of Default. (Court Doc. 30).

I.  MOTION FOR ENTRY OF DEFAULT (Court Doc. 30)

Rule 55 provides, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the

ORDER RE: PENDING MOTIONS–CV-09-00072-BU-RFC-CSO / PAGE 1

party's default."

Defendants filed their Answer and a Motion to Dismiss on February 9, 2010.  There has been no showing that Defendants failed to plead or otherwise defend this action.  Where a defendant demonstrates a clear purpose to defend themselves, a court may not enter default against them.  Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 689-90 (9th Cir. 1988).  The record establishes that Defendants timely responded to the Complaint.  The fact that Steinmetz did not receive the first service copy of the Answer does not allow the entry of default.

## II.  MOTION TO DISMISS (Court Doc. 23)

Defendants U.S. Merit System Protection Board and the United States Court of Appeals for the Federal Circuit move to dismiss them from this action pursuant to Fed.R.Civ.P. 12(b)(6) on the grounds of judicial immunity.

### A.  Standard

In ruling on Defendants' Motion to Dismiss, review is limited to the contents of the Complaint.  Clegg v. Cult Awareness Network, 18

F.3d 752, 754 (9th Cir. 1994).  All factual allegations must be taken as

true and construed in the light most favorable to Steinmetz.  Livid

Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th

Cir. 2005).  Dismissal is not appropriate "unless it appears beyond

doubt that the plaintiff can prove no set of facts in support of the claim

entitling plaintiff to relief."  Livid Holdings, 416 F.3d at 946.

The task in a motion to dismiss "is to evaluate whether the claims

alleged can be [plausibly] asserted as a matter of law."  See Adams v.

Johnson, 355 F.3d 1179, 1183 (9th Cir. 2004); see also Ashcroft v. Iqbal,

---U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  A

complaint does not need to include detailed facts to survive a Rule

12(b)(6) motion to dismiss.  Bell Atlantic Corp. v. Twombly, 127 S.Ct.

1955, 1965. (2007).  But, in providing grounds for relief, a plaintiff must

do more than recite the formulaic elements of a cause of action.  Bell,

127 S.Ct. at 1966.  The plaintiff must include enough facts to raise a

reasonable expectation that discovery will reveal evidence.  In other

words, the plaintiff must allege enough facts to state a claim for relief

that is plausible on its face.  Bell, 127 S.Ct. at 1974.  "[C]onclusory

allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988).

When a plaintiff appears pro se, the court has an obligation to construe the plaintiff's complaint liberally.  See Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir.  2003); Jackson v. Carey, 353 F.3d 750, 757 (9th Cir.  2003) (same).  "'A pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1976)); cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").  Pro se plaintiffs in a civil rights action must be afforded the benefit of any doubt.  See Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.' " Karim-Panahi, 839 F.2d at 623. (quoting Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)).

B.  Analysis

According to the Complaint, on or about July 27, 2005, Steinmetz

filed an appeal before the MSPB alleging he had been improperly

denied the right to restoration of his employment with the U.S. Postal

Service (Court Doc. 1, p. 11).  A hearing was held on January 24, 2006,

and on October 24, 2006, the ALJ dismissed the appeal.  (Court Doc. 1,

p. 21).  The dismissal was affirmed by the MSPB on July 20, 2007.

(Court Doc. 1, p. 22).  The Federal Circuit affirmed the MSPB's

disposition on July 10, 2008.  (Court Doc. 1, p. 28).

Steinmetz contends the MSPB violated his due process rights by

denying him his right to question a witness at a Board hearing, closed

the record without allowing him to enter testimony vital to his case,

intentionally failed to forward an Enforcement Order onto the U.S.

District Court, and failed to respond to multiple "disposition" requests

concerning the Enforcement Order.  He further contends the Board

prejudiced his case and went beyond the scope of authority regarding

the only issues before the Board.  (Court Doc. 1, p. 33).

Steinmetz contends the Federal Circuit violated his due process

rights when the Clerk determined constitutional issues without authority, failed to address all issues of his appeal, and went beyond its scope of authority regarding the only issues before the Board.  (Court Doc. 1, pp. 33-34).

Although Plaintiff does not name any individual federal judges or ALJs, his claims against the MSPB and the Federal Circuit Court are based on actions taken by the judges of those two entities.  See, e.g., Court Doc. 1 at 11-23, 33 (MSPB) and 26-29, 33-34 (Federal Circuit Court).[1]  Judges sued under Section 1983 have absolute immunity from suit for actions taken in their official capacity.  Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 922-23 (9th Cir. 2004).  A judge's immunity applies no matter how "erroneous the act may have been," regardless of how "injurious in its consequences it may have proved[,]" and notwithstanding "the motives with which . . . judicial acts are performed."  Cleavinger v. Saxner, 474 U.S. 193, 199-200, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985).  "As long as the judge's ultimate acts are

---

[1]The issue of whether MSPB and/or the Federal Circuit Court are entities capable of being sued was neither raised nor briefed by the parties.  Furthermore, although Plaintiff makes reference to the "clerks", no clerk has been named as a defendant.

judicial actions taken within the court's subject matter jurisdiction, immunity applies." Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986).

The Supreme Court has recognized that ALJs are judges who decide cases.  In Butz v. Economou, 438 U.S. 478, 511-14, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978), the Court extended absolute judicial immunity to ALJs precisely because ALJs perform judicial acts. The Court held that "adjudication within a federal administrative agency shares enough of the characteristics of the judicial process that those who participate in such adjudication should also be immune from suits for damages." Butz, 438 U.S. at 512-13, 98 S.Ct. 2894.  So as to leave no doubt, the Court noted that the "conflicts which federal hearing examiners seek to resolve are every bit as fractious as those which come to court." Butz, 438 U.S. at 513, 98 S.Ct. 2894.  It did not matter that the ALJs were "employees of the Executive Branch." Butz, 438 U.S. at 511, 98 S.Ct. 2894.  "Judges have absolute immunity not because of their particular location within the Government but because of the special nature of their responsibilities." Butz, 438 U.S. at 511.

Plaintiff argues "the quasi-judicial courts have acted 'in clear absence of jurisdiction.'"  (Court Doc. 28-1, p. 11).  "Judicial immunity attaches only to actions undertaken in a judicial capacity.  In determining whether an action is 'judicial,' we consider the nature of the act and whether it is a 'function normally performed by a judge.'"  Mireles v. Waco, 502 U.S. 9, 112 S.Ct. 286 (1991) (internal citations omitted).  Determining Plaintiff's appeals were functions normally performed by a judge.  Nothing Plaintiff alleges defeats judicial immunity.

Thus, because Plaintiff is seeking to hold the Federal Circuit and the MSPB liable for the acts of the judges and/or ALJs, they are entitled to judicial immunity.

## III.  RESPONSE TO ANSWER (Court Doc. 29)

Rule 7 of the Federal Rules of Civil Procedure provides that, "[o]nly these pleadings are allowed:  (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one,

a reply to an answer." Fed.R.Civ.P. 7. As the Court did not order a reply to Defendants' Answer, Steinmetz's Response to Defendants' Answer is improper. It will be stricken and not be considered for any purpose.

## IV. NOTICE OF CONSTITUTIONAL QUESTIONS (Court Doc. 27)

Plaintiff has filed a Notice to the Montana Attorney General of Constitutional Question(s). Rule 5.1 of the Federal Rules of Civil Procedure provides the procedures when a party challenges the constitutionality of a federal or state statute. This rule is inapplicable in this case as Plaintiff does not challenge the constitutionality of a state or federal statute. Rather, Plaintiff alleges violations of state and/or federal laws – he does not challenge the laws themselves. Thus, there is no need to certify that a statute has been questioned.

## V. PRIOR RULING

In reviewing the parties' pleadings, the Court concludes that the issues raised herein may have been resolved by the Court's rulings in Steinmetz v. United States Postal Service, et al., Civil Action 07-CV-00132-BLG-RFC. The parties will be ordered to show cause why this

matter (or any issues contained therein) should not be dismissed for the reasons set forth in Civil Action 07-CV-00132-BLG-RFC.

Accordingly, the Court issues the following:

ORDER

1.  Steinmetz's Response to Defendants' Answer (Court Doc. 29) is STRICKEN and will not be considered for any purpose.

2.  On or before May 7, 2010, the parties shall show cause why this matter should not be dismissed in whole or part for the reasons set forth in Civil Action 07-CV-00132-BLG-RFC.  The parties' briefs on this issue shall be limited to ten (10) double-spaced pages with typeface of 14 point.

3.  At all times during the pendency of this action, Steinmetz SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date.  The notice shall not include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of

the action for failure to prosecute pursuant to Federal Rule of Civil

Procedure 41(b).

Further, the Court issues the following:

RECOMMENDATION

1.  Defendants U.S. Merit System Protection Board and the

United States Court of Appeals for the Federal Circuit's Motion to

Dismiss (Court Doc. 23) should be GRANTED.

Defendants U.S. Merit System Protection Board and the United

States Court of Appeals for the Federal Circuit should be DISMISSED.

2.  Steinmetz's Application for Entry of Default (Court Doc. 30)

should be DENIED.

DATED this 15th day of April, 2010.

/s/ *Carolyn S. Ostby*
United States Magistrate Judge