IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

|  |  |
|---|---|
| JOEL STEINMETZ,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES POSTAL SERVICE, et al.,<br><br>Defendants. | CV 09-072-BU-RFC<br><br><br>Order Adopting Findings and Recommendations of U.S. Magistrate Judge |

United States Magistrate Judge Carolyn Ostby has entered Findings and Recommendation (*Doc. 33*) on Defendants U.S. Merit System Protection Board (MSPB) and the United States Court of Appeals for the Federal Circuit's Motion to Dismiss based upon judicial immunity (*Doc. 23*); and Steinmetz's Motion for Entry of Default (*Doc. 30*). Magistrate Judge Ostby recommends the Motion to Dismiss (*Doc. 23*) be granted and the Motion for Entry of Default (*Doc. 30*) be denied.

Upon service of a magistrate judge's findings and recommendation, a party has 14 days to file written objections. 28 U.S.C. § 636(b)(1). Steinmetz filed objections on May 3, 2010. (*Doc. 34.*) Defendants responded to Steinmetz's

1

objections on May 7, 2010. (*Doc. 36*). Accordingly, the Court must make a *de novo* determination of those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 636(b)(1). For the following reasons, Steinmetz's objections are overruled.

First, with regard to Steinmetz's Motion for Entry of Default (*Doc. 30*), Rule 55 of th Federal Rules of Civil Procedure provides, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Defendants filed their Answer and Motion to Dismiss on February 9, 2010. The record establishes that Defendants timely responded to the Complaint and the fact that Steinmetz did not receive the first service copy of the Answer does not allow the entry of default.

Second, with regard to the Motion to Dismiss (*Doc. 23*), although Plaintiff does not name any individual federal judges or Administrative Law Judges (ALJs), his claims against the MSPB and the Federal Circuit Court are based on actions taken by the judges of those two entities. Judges sued under Section 1983 have absolute immunity from suit for actions taken in their official capacity. *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922-23 (9th Cir. 2004). A judge's immunity applies no matter how "erroneous the act may have been,"

2

regardless of how "injurious in its consequences it may have proved[,]" and notwithstanding "the motives with which . . . judicial acts are performed." *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985). "As long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction, immunity applies." *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986). The Supreme Court has recognized that ALJs are judges who decide cases. In *Butz v. Economou*, 438 U.S. 478, 511-14 (1978), the Court extended absolute judicial immunity to ALJs precisely because ALJs perform judicial acts.

Thus, because Plaintiff is seeking to hold the Federal Circuit and MSPB liable for acts of the judges and/or ALJs, they are entitled to judicial immunity.

After a de novo review, the Court determines the Findings and Recommendation of Magistrate Judge Ostby are well grounded in law and fact and HEREBY ORDERS they be adopted in their entirety.

Accordingly, **IT IS HEREBY ORDERED** that as followed:

1. Defendants U.S. Merit System Protection Board and the United States Court of Appeals for the Federal Circuit's Motion to Dismiss based upon judicial immunity (*Doc. 23*) is GRANTED. Defendants U.S. Merit System Protection Board and the United States Court of Appeals for the Federal Circuit are DISMISSED.

2.  Steinmetz's Motion for Entry of Default (*Doc. 30*) is DENIED.

3.  The Clerk of Court shall notify the parties of the making of this Order.

DATED this 25th day of May, 2010.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE