IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| JOEL STEINMETZ,<br><br>　　　Plaintiff,<br><br>vs.<br><br>UNITED STATES POSTAL SERVICE, et al.,<br><br>　　　Defendants. | Cause No. CV 09-00072-BU-RFC-CSO<br><br><br>ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

On April 15, 2010, this Court issued an Order to Show Cause why this matter should not be dismissed for the same reasons that Plaintiff Joel Steinmetz's prior cause of action, Civil Action No. 07-CV-00132-BLG-RFC-CSO, was dismissed. Both parties responded and Steinmetz filed a motion to respond to Defendants' brief. The Court will grant Steinmetz's motion to respond, consider his response to Defendants' brief, and recommend this matter be dismissed for lack of jurisdiction.

I. Discussion

Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the

court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3); see also Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); Franklin v. Oregon, State Welfare Div., 662 F.2d 1337, 1342 (9th Cir. 1981).

Steinmetz's current Complaint alleges a variety of claims arising from his prior Merit System Protection Board (MSPB) proceedings. As found in Steinmetz's earlier case, the Federal Circuit is vested with exclusive jurisdiction under 5 U.S.C. § 7703(b)(1) to review errors or irregularities arising from MSPB proceedings in non-discrimination claims. Having previously found Steinmetz's case is a non-discrimination matter, the Court concludes that exclusive jurisdiction lies in the Federal Circuit.[1]

In order to preserve any rights Mr. Steinmetz's may have before the Federal Circuit, the Court transferred Civil Action No. 07-CV-00132-BLG-RFC-CSO to the Federal Circuit. Any claims regarding

---

[1]Steinmetz argues his case is a "mixed case" and therefore this Court does have jurisdiction. But again, as previously found, even if Steinmetz's case is a "mixed case", his filing in this Court would be untimely as he did not file within thirty days of receipt of notice of the July 20, 2007, final MSPB decision. 5 U.S.C. § 7703(b)(2).

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT–CV-09-00072-BU-RFC-CSO / PAGE 2

irregularities arising from his MSPB proceedings should have been presented to the Federal Circuit.  This Court has no jurisdiction to review the irregularities raised in Steinmetz's current Complaint and it has no jurisdiction to review any decisions of the Federal Circuit.

## II.  ORDER

Accordingly, IT IS HEREBY ORDERED:

1.  Steinmetz's Motion for Enforcement (Court Doc. 37) is **DENIED** in light of the Court's recommendation that this matter be dismissed.

2.  Steinmetz's Motion for Leave to File (Court Doc. 38) is **GRANTED**.  The Court has considered Steinmetz's response brief in its evaluation of the jurisdictional question in this matter.

3.  At all times during the pendency of this action, Steinmetz MUST IMMEDIATELY ADVISE the Court of any change of address and its effective date.  Such notice must be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice must contain only information pertaining to the change of address and its effective date.  The notice must not include any motions for any other relief.  Failure to file a

NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

## III.   RECOMMENDATION

Further, the Court issues the following Recommendation:

1. This matter should be **DISMISSED** for lack of subject matter jurisdiction.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  It is sufficiently clear that this Court does not have subject matter jurisdiction over Steinmetz's claims and no reasonable person could suppose an appeal would have merit.

3. The Clerk of Court should be directed to enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file

written objections to these Findings and Recommendations within fourteen days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

This Order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.Civ.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

DATED this 16th day of June, 2010.

/s/ Carolyn S. Ostby
United States Magistrate Judge